IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:98CR3100 |
| | ) | |
| v. | ) | |
| | ) | FINDINGS AND RECOMMENDATION |
| GLENN A. WOODARD, | ) | |
| | ) | |
| Defendant. | ) | |

The defendant is charged with criminal contempt for failing to appear as directed at his final supervised release revocation hearing on October 20, 2009.  (Filing No. 122).  The trial on the criminal contempt charges and the parallel indictment pending in U.S. v. Woodard, case number 4:10CR3083 is scheduled to be held on May 31, 2011.  The defendant has moved to dismiss the charge of criminal contempt, (filing no. 127), claiming the contempt proceedings are barred by the statute of limitations set forth in 18 U.S.C. § 3285.

ANALYSIS

The defendant appeared in court on July 10, 2009, and admitted to violating the terms of his supervised release.  He was ordered to return for final disposition of the supervised release violation on October 20, 2009.  The defendant failed to appear, and a warrant was issued for his arrest.  He was arrested and entered federal custody on April 29, 2010.  The government filed its Petition for Contempt on March 3, 2011.  The defendant appeared before the court on April 22, 2011, and was provided notice of the charge of criminal contempt and the trial date on that charge.

Pursuant to 18 U.S.C. § 3285:

No proceeding for criminal contempt within section 402 of this title shall be instituted against any person, corporation or association unless begun within one year from the date of the act complained of; nor shall any such proceeding be a bar to any criminal prosecution for the same act.

18 U.S.C. § 3285.

By its express terms, the one-year statute of limitations of 18 U.S.C. § 3285 applies to proceedings "within section 402," not criminal contempt proceedings under § 401. See U.S. v. Runnells, 1989 WL 37430, 2 (4th Cir. 1989). Therefore, the pivotal question is whether 18 U.S.C. § 401 or 18 U.S.C. § 402 governs the criminal contempt proceeding currently pending against the defendant.

Under 18 U.S.C. § 402, any person who willfully disobeys a lawful writ, process, order, rule, decree, or command of any federal district court must be prosecuted for contempt under 18 U.S.C. 3691. However, by its express language, § 402 is not applicable to "contempts committed in the presence of the court, or so near thereto as to obstruct the administration of justice" and "contempts committed in disobedience of any lawful writ, process, order, rule, decree, or command entered in any suit or action brought or prosecuted in the name of, or on behalf of, the United States." 18 U.S.C. § 402.

Acts of contempt committed in the presence of the court or in cases being prosecuted by the United States are pursued under 18 U.S.C. § 401. Section 401 provides:

> A court of the United States shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other, as--
>
> (1) Misbehavior of any person in its presence or so near thereto as to obstruct the administration of justice;
>
> (2) Misbehavior of any of its officers in their official transactions;
>
> (3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command.

18 U.S.C. § 401. Accordingly, § 401(3), not § 402, governs criminal contempt proceedings against a defendant for willful failure to appear in criminal actions pursued by the United States. U.S. v. Di Mauro, 441 F.2d 428 (8th Cir. 1971)(holding § 401(3) governs criminal contempt actions for refusing to testify before a grand jury); United States v. Williams, 622 F.2d 830, 839 (5th Cir. 1980)(holding 18 U.S.C. § 401(3) provides punishment for willful failure to appear in violation of the Bail Reform

Act).  See also, United States v. Tigney, 367 F.3d 200, 204 (4th Cir.2004) (holding a "failure to appear" offense is disobedience of a lawful court order and an act of criminal contempt under 18 U.S.C. § 401).

The criminal contempt proceeding against the defendant alleges disobedience of a court order or command in an action being prosecuted by the United States.  The pending contempt charges are not brought pursuant to 18 U.S.C. § 402, but rather 18 U.S.C. § 401.  Therefore, the one-year statute of limitations of 18 U.S.C. § 3285 does not apply to the United States' prosecution of the defendant for criminal contempt.  The defendant's motion to dismiss the contempt proceedings as untimely filed should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Court Judge, that the defendant's motion to dismiss, (filing no. 127), be denied.

The parties are notified that failing to object to this recommendation by **May 12, 2011**[1] may be held as a waiver of any right to appeal the district judge's adoption of this recommendation.  Any response must be filed within five days thereafter.

DATED this 2nd day of May, 2011.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

---

[1] A magistrate judge may deviate from the 14-day deadline of Rule 59 and set a specific deadline for filing written objections to proposed findings and recommendations in a particular case. Fed. R. Crim. P. 59.  Since the defendant's contempt and indictment trials are scheduled for May 31, 2011, an expedited objection deadline is warranted in this case.

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.